IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

FORD MOTOR CREDIT COMPANY, )
LLC, )
    Plaintiff, )
)
v. ) CIVIL ACTION NO. 14-00443-N
)
LEONARD E. COWLING, )
    Defendant. )

## ORDER

This action is before the Court on a *sua sponte* review of its subject-matter jurisdiction.[1] On September 24, 2014, the Plaintiff initiated this action by filing a Complaint (Doc. 1) in this Court. The Complaint alleges diversity pursuant to 28 U.S.C. § 1332(a) as the sole basis for the Court's subject-matter jurisdiction over the claims in this action. The amount-in-controversy requirement of § 1332(a) appears satisfied on the face of the Complaint, and the Defendant, a natural person, is alleged to be a citizen of Alabama. However, the Plaintiff, a limited liability company (LLC), has failed to allege sufficient facts establishing its own citizenship.[2]

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

[2] "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)). "The pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'" *Taylor*, 30 F.3d at 1367 (quoting Fed. R. Civ. P. 8(a)).

The Plaintiff alleges that it was organized under the laws of Delaware and has its principal place of business in Michigan. These allegations are sufficient to establish the citizenship of a corporation. *See* § 1332(c)(1). However, for purposes of assessing diversity of citizenship, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022-23 (11th Cir. 2004). *Accord Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam). Therefore, to sufficiently allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company . . ." *Rolling Greens*, 374 F.3d at 1022.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Accordingly, the Plaintiff is **ORDERED** to file and serve on the Defendant, on or before **Friday, October 3, 2014**, an amended complaint that properly alleges the citizenship of the Plaintiff LLC for the purpose of establishing diversity pursuant to § 1332(a) (or some other basis of subject matter jurisdiction).[3] The amended complaint, if filed, shall become the operative complaint in this action,[4] and the Defendant shall respond to

---

[3] The Plaintiff is reminded that, for purposes of diversity, the relevant citizenships are those at the time the case was filed. *E.g.*, *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004).

[4] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the

the amended complaint in accordance with the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this the 26th day of September 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE**

---

original complaint.").