IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FORD MOTOR CREDIT CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-00443-N |
| | ) | |
| LEONARD E. COWLING, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Plaintiff Ford Motor Credit Company, LLC's Motion to Dismiss (Doc. 22) without prejudice, pursuant to FED. R. CIV. P. 41(a)(2).[1] Plaintiff requests dismissal without prejudice of its entire suit. Doc. 22 at 1. As grounds for the motion, Plaintiff indicates that Defendant Leonard Cowling's debt to Plaintiff has been discharged in bankruptcy. Doc. 22 at 1; *see* Doc. 22-1. As Defendant Cowling has previously filed an answer (Doc. 14), the Court cannot construe the motion as a notice of dismissal under FED. R. CIV. P. 41(a)(1)(A)(i).

Under FED. R. CIV. P. 41(a)(2), the Court may dismiss Plaintiff's claims "upon such terms and conditions as the court deems proper." Such a dismissal is without prejudice unless otherwise specified by the Court. FED. R. CIV. P. 41(a)(2). The Eleventh Circuit has explained the relevant considerations for a motion for

---

[1] As the parties were made aware (*see* Docs. 2, 16), this case has been randomly assigned to the undersigned United States Magistrate Judge for all purposes, including trial.   Inasmuch as no party, to date, has returned to the Clerk of Court a Request for Reassignment to a United States District Judge, there presently exists implicit consent to the undersigned conducting all proceedings in this case. *See Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 1703, 155 L. Ed. 2d 775 (2003) ("We think the better rule is to accept implied consent where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge. Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority. Judicial efficiency is served; the Article III right is substantially honored.").

voluntary dismissal in the following terms:

> The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other then* [sic] *the mere prospect of a subsequent lawsuit,* as a result." *Id.* at 856-57. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir. 1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants*, 781 F.2d at 857 . . .

*Pontenberg v. Boston Scientific Corp.*, 252 F. 3d 1253, 1255-56 (11th Cir. 2001) *accord Goodwin v. Reynolds*, 757 F. 3d 1216, 1219 (11th Cir. 2014); *see also Bracket v. State Highways and Transp. Comm'n*, 163 F.R.D. 305, 307 (W.D. Mo. 1995) (the decision of whether to grant dismissal and, if so, whether to impose conditions on that dismissal rests in the court's discretion).

On April 17, 2015, the Court ordered Mr. Cowling to "file any substantive response he may have in opposition to Plaintiff's Motion to Dismiss without prejudice (Doc. 22) no later than **Friday, April 24, 2015**." Doc. 23 at 2. Mr. Cowling was informed that if no such response was filed, "the motion w[ould] be deemed unopposed and the Court w[ould] unconditionally grant the motion on April 27, 2015." *Id.*

The Court's deadline has passed, with Mr. Cowling having filed no response in opposition to Plaintiff's Motion. Accordingly, it is **ORDERED** that Plaintiff's Motion

to Dismiss without prejudice (Doc. 22) is **GRANTED** and that this action is **DISMISSED without prejudice**.

Final judgment in accordance with this Order and FED. R. CIV. P. 58 shall issue separately.

**DONE** and **ORDERED** this the 28th day of April 2015.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**